# Tillis & O'Neal v. McKinna.

## *Action of Assumpsit.*

1. *Partnership; debt of individual member; set-off.*—In an action by a partnership on an account for goods sold, a debt due by one of the individual members of the firm to the defendant can not be set-off against the partnership demand; and while the amount of defendant's account to one of the individual members of the firm, which was contracted before the formation of the partnership, was subject to set-off by the amount such individual member may then have owed the defendant, such debt to the defendant can not be used as a set-off against the debt sued on, which was contracted by the defendant with the partnership after its formation.

2. *Burden of proof; not met by the fact of the evidence being in equipoise.*—When, under the pleadings in a cause, the burden of proving a fact at issue is cast upon one of the parties, it can not be said, as a matter of law, that this burden has been discharged when the evidence is in equipoise; and a charge so instructing the jury is erroneous.

3. *Partnership; estoppel to deny the existence thereof.*—While, as a general rule, a person can not be held liable as a member of a partnership, when the creditors knew that in fact there was no partnership, still, if such person obtained credit by a statement or representation that he was a partner of another, he is estopped from denying the existence of the partnership as to the particular transaction or fact.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. J. W. FOSTER.

This was an action of assumpsit brought by the appellants, Tillis & O'Neal, against the appellee, A. T. McKinna, to recover for goods, wares and merchandise sold by the plaintiff to the defendant. In addition to

the facts stated in the opinion, it was shown that at the time the defendant first obtained advances of merchandise from R. Tillis, he and one J. A. Vaughan were engaged in getting out logs, and that the plaintiff, R. Tillis, agreed, at the instance of both the defendant and J. A. Vaughan, to let them have advances in merchandise to enable them to carry on their work; that after getting out a part of the logs, R. Tillis, at the instance of McKinna and Vaughan, sold the logs, and their account with said Tillis was credited with the net proceeds thereof.

The plaintiff's testimony tended to show that this transaction was known to and approved by both Mc-Kinna and Vaughan. The other facts of the case are sufficiently stated in the opinion, so far as is necessary for a full understanding of the case on the present appeal.

At the request of the defendant, the court gave to the jury the following written charges, to the giving of each of which the plaintiffs separately excepted : (1.) "The court charges the jury, if at the time Tillis sold the timber in question, that defendant owed him an individual account, and that afterwards Tillis sold a half interest in said account to O'Neal, and the account sued on is a continuation of said account, and the same has not been paid, and one-half of the money arising from the sale of said timber at that time belonged to defendant, and that he never ratified the application of some money to the payment of Vaughan's account, or at any time agreed that the money arising from the sale of said timber should go as a payment of Vaughan's account to Tillis, the defendant can plead said sum as an off-set to the amount claimed by the plaintiff in the action, provided the defendant did not hold Vaughan out to Tillis as a partner, or that Vaughan held defendant out as a partner with the knowledge of defendant." (2.) "The burden of proving that McKinna ratified the act of Tillis in giving Vaughan credit for the money arising from sale of logs is on the plaintiff. If the evidence on this point is in equipoise, then they will find this proposition against the plaintiff." (3.) "Although the jury may believe from the evidence that defendant held Vaughan out to Tillis as his partner, still if Tillis in fact knew there was no partnership between them, plaintiff in this

[Tillis & O'Neal v. McKinna.]

case.can not bind the defendant by any act done by Vaughan without this knowledge."

There were verdict and judgment for the defendant. Plaintiffs appeal, and assign as error the giving of the charges requested by the defendant.

M. E. MILLIGAN, for appellant.—1. The burden of showing the correctness of the many items of debt and credit appearing in the account that was settled by the defendant was upon him.—*Walker v. Driver*, 7 Ala. 679; *Langdon v. Roane*, 6 Ala. 518; *Stowe v. Sewall*, 3 Stew. & Port. 67; *Dowling v. Blackman*, 70 Ala. 303.

The second charge invaded the province of the jury. It fails to state that, if upon consideration of the whole testimony tending to establish and to disprove the facts covered by the charge, they should then find the evidence in equipoise, then the verdict would be for appellee. This is the general rule, and was so declared in *Howard v. Taylor*, 99 Ala. 453.

SOLLIE & KIRKLAND, *contra*.

COLEMAN, J.—This was an action upon account for goods, wares and merchandise, instituted by the appellants. The pleas of the defendant were, the general issue, payment, set-off and recoupment, in short by consent. The case was tried upon the general issue and set-off. If instead of accepting the plea of set-off, the plaintiff had required the defendant to draw the plea of set-off formally and accurately, the real issue would have been presented to the jury much more clearly and intelligibly. The facts show that prior to January, 1893, Tillis was engaged in the mercantile business alone, and in that month the partnership with O'Neal was made, by the terms of which O'Neal became a partner in all the claims due and unpaid to Tillis, as well as the stock of goods. The contention of the plaintiffs on the trial was, that when the partnership was formed, the books of Tillis showed an account against the defendant which was carried on the books as an account due the partnership. He continued to purchase goods from the partnership, and gave them a mortgage to secure the payment of the account. At the close of the year 1893, or early in 1894, the proof shows that the plaintiffs and

[Tillis & O'Neal v. McKinna.]

the defendant had a settlement, and the mortgage debt was paid and the mortgage cancelled. The defendant opened a new account, and bought considerable goods, upon which there were several payments, leaving a balance due to the plaintiffs. It was to secure this balance that plaintiffs brought this action. The defendant's contention was, that when the partnership was formed, Tillis owed him about three hundred and fifty dollars, money collected on a sale of logs by Tillis in the year 1890 or 1891, for which he had never been credited, and that plaintiffs' claim was subject to this set-off. The appellee has no brief on file, and we do not know upon what grounds the defendant based the right to set off the plaintiffs' demand. A debt due an individual from one partner can not be set-off against a partnership demand when sued for by the partnership. We hold, however, that the amount of defendant's account to Tillis, contracted before the formation of the partnership, was subject to set-off by any amount Tillis may have then owed the defendant, and which was carried into the partnership account and included in the debt secured by the mortgage to the partnership and subsequently paid by the defendant to the partnership. It could not be set-off against the debt contracted with the partnership after its formation.

The testimony was very conflicting as to whether the defendant's claim against Tillis was correct. There was no conflict as to the fact that the plaintiffs and defendant had a full settlement, prior to the contraction of the debt sued on, and but little, if any, that defendant assented to settlements with Tillis as to the disposition of the proceeds of the logs made previous to the formation of the partnership. The defendant contended that these settlements were made and assented to by him under the mistake that Tillis had given him credit for the proceeds of the sale of the logs, and that he had not discovered the mistake, until after that time. The issue and facts are sufficiently stated, for a proper consideration of the charges given by the court at the request of the defendant, to which exceptions were reserved.

Charge No. 1 was not in accord with the principle of law applicable, and should have been refused. It authorized the jury to set-off the entire amount that Tillis may have owed defendant against the partnership de-

mand without reference to the amount due from defendant to Tillis when the partnership was formed. Although defendant may have owed Tillis only a nominal amount, he would get the benefit of his entire claim against the partnership. There is no evidence that the partnership was to be responsible for the liability of Tillis.

When the burden is cast upon a party, it can not be said that it has been discharged when the evidence is in equipoise ; and that we understand to be the principle asserted in charge No. 2. It would have been entirely competent for plaintiff to have asked an explanatory charge, if deemed necessary, or plaintiff might have invoked the rule that settlements between parties are *prima facie* correct, and the burden is on him who assails their correctness, to reasonably satisfy the jury of the mistake.

We are of opinion charge No. 3 should have been refused. Although it may be generally true, that one person can not be held liable to a creditor as a member of a partnership when the creditor knew that in fact there was not a partnership, we are not prepared to hold that such a person can not estop himself from denying the existence of the partnership as to the particular transaction or fact, when credit was obtained by such statement or representation. The charge also ignores entirely the evidence tending to show a ratification by defendant of the application of the money, the proceeds of the logs, by Tillis, and thereby tends to mislead.

Reversed and remanded.